UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANY AL KHOURY,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, Acting Director of the San Francisco Field Office, Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; Warden of California City Detention Center,<br><br>Respondents.[1] | No. 1:26-cv-00586-KES-SKO (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Hany Al Khoury is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. The Court has previously addressed the legal issues raised by claims two and three of the petition. *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal.

---

[1] When a habeas petitioner challenges his present physical confinement, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Petitioner is currently detained at California City Detention Facility. *See* Doc. 1 at ¶¶ 17, 21. The Court "may join Petitioner's custodian on its own initiative pursuant to Federal Rule of Civil Procedure 19(a)." *Jones v. Schwarzennegger*, No. C07-4323 JSW (PR), 2008 WL 94771, at *1 n.1 (N.D. Cal. Jan. 8, 2008); *see also Silveyra v. Moschorak*, 989 F.2d 1012, 1015 (9th Cir. 1993) ("[D]ismissal is not the appropriate remedy where the party is subject to the jurisdiction of the district court. Instead, district courts may order the joinder of such parties pursuant to Fed. R. Civ. P. 19(a)."). The Court therefore joins the Warden of the California City Detention Center as a respondent in this action.

1

Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 4. Respondents filed a motion to dismiss, but they confirm that "[t]his case does not appear substantively distinguishable from those cases cited by the Court." *See* Doc. 12 at 2.[2] The Court has addressed respondents' arguments in its prior cases.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), the petition for writ of habeas corpus is GRANTED as to claims two and three, for the reasons addressed in those prior orders.[3]

/ / /

---

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 12 at 2. But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a pre-deprivation hearing prior to his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[3] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on claims two and three.

2

1     Respondents are ORDERED to release petitioner immediately.  Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

    The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

Dated:   January 30, 2026

UNITED STATES DISTRICT JUDGE